b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOEL R. WHITMORE, Plaintiff | CIVIL ACTION NO. 1:18-CV-01471 |
| VERSUS | JUDGE DEE D. DRELL |
| STATE OF LOUISIANA, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 8) the claims alleged by *pro se* Plaintiff Joel R. Whitmore ("Whitmore") against Defendant, the State of Louisiana ("State"), for failure to state a claim upon which relief can be granted. The State argues that Whitmore cannot satisfy the elements of a claim under 42 U.S.C § 1983 due to his unchallenged convictions. See Heck v. Humphrey, 512 U.S. 477, 486 (1994). Because Whitmore's claims are barred by the Eleventh Amendment and Heck v. Humphrey, the State's Motion to Dismiss (Doc. 8) should be GRANTED.

I.  Background

In August 2007, Whitmore engaged online with Bossier City Marshals conducting a sting operation. (Doc. 1). In December 2009, Whitmore was convicted of indecent behavior with and computer aided solicitation of a juvenile under La. R.S. 14:81 (A)(2) and La. R.S. 14:81.3. (Doc. 1). Whitmore admits to multiple discussions by phone and online with the officers, but emphasizes that at no time were actual minors involved. (Doc. 1).

Whitmore filed a complaint pursuant to 42 U.S.C. § 1983 against the State. Whitmore alleges that, in applying La. R.S. 14:81 (A)(2) and La. R.S. 14:81.3, the State extended protections and rights to virtual (non-human) minors equivalent to those of real minors. (Doc. 1). Whitmore further alleges that the creation of virtual minors and the extension of rights to them allows for the suppression and criminalization of speech ordinarily protected under the First Amendment. (Doc. 1).

Whitmore asserts the State's violation of his First Amendment rights caused irreparable harm. Whitmore seeks, *inter alia*, that this Court: declare La. R.S. 14:81 (A)(2) and La. R.S. 14:81.3 are restrictions of free speech under the First Amendment; recognize the harm which has befallen him due to their application; and award him both actual and punitive damages. (Doc. 1).

The State filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). (Doc. 8). Whitmore opposed the State's Motion (Doc. 10), contending he does not seek to have his convictions overturned, and he does not facially challenge the statutes in question. (Doc. 10). Rather, he challenges the statutes as applied to his circumstances. (Doc. 10). The State replied further, asserting Whitmore has not met the necessary elements for a valid cause of action under 42 U.S.C. § 1983. (Doc. 11).

II. Law and Analysis

    A. Standards governing the Rule 12(b)(6) Motion to Dismiss.

A court may grant a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). A pleading states a claim for relief

when it contains a "short and plain statement . . . showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To defeat a motion to dismiss, "a complaint must contain sufficient factual information accepted as true," to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Plausibility does not directly equate to either possibility or probability; it exists in between, and may be determined according to the court's judicial experience and common sense. See Iqbal, 556 U.S. at 678. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. See Twombly, 550 U.S. at 556. The court must view all well-pleaded facts in the light most favorable to the plaintiff. See Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 174 (5th Cir. 2016).

This presumption of truth does not extend to mere legal conclusions, regardless of whether these conclusions alone comprise the pleading. Iqbal, 556 U.S. at 678. Furthermore, a court should not under ordinary circumstances make inferential leaps in analysis of legal conclusions based on the stated facts. See id. at 679. However, a document filed *pro se* is "to be liberally construed," and "however in-artfully pleaded, must be held to less stringent standards than formal pleadings

3

drafted by lawyers." Id.; Fed. R. Civ. Pro. 8(f); Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Generally, a court should not dismiss an action under Rule 12(b)(6) without giving the plaintiff at least one chance to amend. See Hernandez v. Ikon Office Solutions, Inc., 306 Fed. Appx. 180, 182 (5th Cir. 2009); accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002). However, that does not apply if the opportunity to amend would be futile. See Townsend v. BAC Home Loans Servicing, L.P., 461 Fed. Appx. 367, 372 (5th Cir. 2011); Jaso v. The Coca Cola Co., 435 Fed. Appx. 346, 351–52 (5th Cir. 2011), cert. den., 572 U.S. 1101 (2014). Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000); accord Fenghui Fan v. Brewer, 377 Fed. Appx. 366, 367 (5th Cir. 2010).

### B. Whitmore's complaint is barred by the Eleventh Amendment.

The Eleventh Amendment of the United States Constitution grants states immunity from suits by citizens of the fifty states or citizens of foreign states. U.S. Const. Amend. XI. Furthermore, state officials who are named as parties in a law suit are equally immune when acting in their official capacity, or if the state is a real and substantive party at interest. See Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1053 (5th Cir. 1998), cert. den., 528 U.S. 851 (1999) (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02 (1984)).

In the case of a state official's application of unconstitutional law, such employees would be acting outside their official capacity since the state cannot confer authority to carry out unconstitutional acts. See Aguilar, 160 F.3d at 1054 (citing Ex Parte Young, 209 U.S. 123, 159 (1908)); see also American Bank and Trust Co. of Opelousas v. Dent, 982 F.2d 917, 920 (5th Cir. 1993) ("[T]he Eleventh Amendment does not bar a suit in federal court against a state official to enjoin his enforcement of a state law alleged to be unconstitutional."). However, to meet this exception, the allegations must be brought against individual persons; the state remains immune. See Aguilar, 160 F.3d at 1052 (citing Saltz v. Tennessee Dept. of Employment Sec., 976 F.2d 966, 968 (5th Cir.1992)); see also Edelman v. Jordan, 415 U.S. 651, 663 (1974) ("A suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); Fontenot v. McCraw, 777 F.3d 741, 753 (5th Cir. 2015); Hutto v. Finney, 437 U.S. 678, 691 (1978) (state officers are not immune from prospective injunctive relief).

Whitmore has named the State itself as Defendant. His claim is therefore barred by Eleventh Amendment immunity.

Alternatively, § 1983 authorizes actions against a "person" which, for the statute's purposes, does not include the state or its officers acting in their official capacities. See 42 U.S.C. § 1983; Hafer v. Melo, 502 U.S. 21, 25 (1991); see also Lewis v. Clarke, 137 S.Ct. 1285, 1291 (U.S. 2017); New Orleans Towing Association v. Foster, 248 F.3d 1143 at *3 (5th Cir. 2001). Therefore, while a plaintiff who names the wrong defendant is usually afforded a chance to amend their complaint,

5

amendment to name persons rather than the State would be moot since it would necessarily be State employees acting in their official capacity.

### C. Whitmore's complaint is barred by Heck v. Humphrey; the opportunity to amend is therefore moot.

Whitmore seeks relief in two basic forms: counts A through C ask for declarations that La. R.S. 14:81.3 and La. R.S. 14:81(A) are unconstitutional. (Doc. 1); counts D through I seek monetary damages for the deprivation of rights based on the unconstitutional application of the statutes. (Doc. 1).

It is well settled that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . .

Heck, 512 U.S. at 486-487.[1]

Whitmore asserts as part of the Response to the Motion to Dismiss (Doc. 10) that he is not incarcerated, nor is there any action currently open which would release him from incarceration. Therefore, Whitmore argues that the requirement of an individual's conviction being reversed prior to bringing a § 1983 action should not apply. This is a misunderstanding of the applicability and use of *habeas corpus* and § 1983:

---

[1] Whitmore's claim should not initially be screened under 28 U.S.C.A. § 1915A due to his not being a prisoner under the terms of the statute or under the terms of § 1983. However, he is still on parole.

> Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), considered the potential overlap between these two provisions, and held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983. Id., at 488–490, 93 S.Ct., at 1835–1837. We emphasize that Preiser did not create an exception to the "no exhaustion" rule of § 1983; it merely held that certain claims by state prisoners are not cognizable under that provision, and must be brought in habeas corpus proceedings, which do contain an exhaustion requirement.

Heck, 512 U.S. at 481. Habeas corpus is the sole remedy for prisoners challenging both the fact or duration of incarceration *and* seeking immediate or speedier release.

Whitmore is correct in asserting that a *habeas corpus* petition is not dispositive of his ability to present a claim under § 1983. However, the standards of Heck still apply to Whitmore's § 1983 claim since he is seeking monetary damages for allegedly unconstitutional actions that would render his conviction invalid.

Whitmore alleges he was wronged by the application of La. R.S. 14:81.3 and La. R.S. 14:81 (A), (B). But to this point he has been unable to produce any evidence of that wrong in the form required: that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-87.[2]

---

[2] Whitmore appealed his conviction, and applied for writ of *habeas corpus*, to no avail. See State v. Whitmore, 46, 120 (La. App. 2d Cir. 3/2/11), 58 So.3d 583, writ den., 75 So.3d 937 (La. 2011), cert. den., 566 U.S. 1012 (2012); Whitmore v. Bordelon, 2016 WL 1268304 (W.D. La. 2016), aff'd, 2017 WL 3727036 (5th Cir. 2017).

At this point, Whitmore has himself asserted that he does not seek to overturn his convictions, conceding that the convictions stand. (Doc 10).

Therefore, Whitmore has not stated a claim upon which relief may be granted. Nor is it likely that amendment of this complaint could benefit either Whitmore or the timely and efficient administration of justice.

## III. Conclusion

Because Whitmore's claims are barred by the Eleventh Amendment and Heck v. Humphrey, IT IS RECOMMENDED that Defendants' Motion to Dismiss (Doc. 8) be GRANTED. Whitmore's complaint should be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of August, 2019.

*[signature]*
Joseph H.L. Perez-Montes
United States Magistrate Judge